### Zeso Christo et al., Appellees, v. Vasil Nicola et al., Appellants.

1. PLEADING, § 89*—*what constitutes a plea*. An instrument to constitute a plea must purport to answer the allegations of the declaration, must set forth a proper formal commencement and must have a proper conclusion, either with a verification or to the country.

2. PLEADING, § 321*—*what not verified plea*. An affidavit by defendants denying liability and that they were partners, not

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

purporting in its commencement to be a plea and not concluding with a verification or to the country, is not a verified plea in bar under the Practice Act, § 54, J. & A. ¶ 8591.

3. ASSUMPSIT, ACTION OF, § 89*—*when recovery sustained on conflicting evidence.* Defendants received money from plaintiffs for deposit in their private bank and claimed to have purchased foreign drafts for plaintiffs, to have sold them groceries and that indebtedness existed for rent and on a promissory note. Plaintiffs contended that the deposits had no connection with defendant's claim, that money was furnished for the drafts, that the running account was paid and that the alleged note was a receipt. *Held,* a verdict in *assumpsit* for plaintiffs was not against the weight of the evidence.

4. EVIDENCE, § 253*—*when translation is inadmissible.* A written translation of books of account may be excluded where the books were offered in evidence and were translated from the witness stand by an interpreter.

5. INSTRUCTIONS, § 94*—*disregard of false testimony.* It is not reversible error to give an instruction that if any witness has wilfully testified falsely to any material fact his testimony may be disregarded except in so far as he may be corroborated by other testimony in the case, without also adding corroboration by "facts and circumstances."

6. INSTRUCTIONS, § 85*—*when improper on burden of proof.* Defendant's instructions as to effect on burden of proof of a sworn plea denying partnership may be refused where the purported plea is not a plea in fact.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913. Rehearing denied November 6, 1913.

C. H. BURTON, for appellants.

ERNEST C. DODGE and E. G. HILL, for appellees.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

Judgment was rendered against the defendants in the court below for $414, and the defendants prosecute this appeal.

This was an action of *assumpsit.* The declaration consists of the common counts to which the defendants

filed the plea of general issue, and with this plea filed an affidavit of merits. In addition to such plea and affidavit of merits, defendants also filed an affidavit denying the indebtedness claimed by plaintiffs, and denied that they were partners, also that they were neither jointly or severally liable for the money claimed by plaintiffs. There were two of these affidavits, the first of which was signed by John, George, Naum and Christ Nicola and were sworn to on the 30th of March, 1912. The other affidavit of the same purport was subscribed and sworn to by Vasil Nicola on the 18th of April, 1912.

One of the contentions of appellants is that the court erred in refusing appellants' motion to direct a verdict at the close of plaintiffs' evidence for the reason that plaintiffs had failed to introduce evidence showing the existence of a copartnership between the defendants, and insisting that the paper filed by them was a plea in bar verified by affidavit; that under section 54 of the Practice Act (J. & A. ¶ 8591), providing that in actions of this character proof of the partnership of defendants, "Shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a plea in bar, denying the partnership, or joint liability, or the execution of the instrument sued upon, verified by affidavit." We do not regard the instrument filed by defendants as a plea. In passing upon the question as to what may or may not constitute a plea, the courts, so far as we have been able to ascertain, have uniformly held that to constitute a plea it must purport to answer the allegations of the declaration, and shall set forth the formal commencement prescribed by the books for pleas, and that it must necessarily have a proper conclusion, either with a verification or to the country. The instrument contended for here as a plea neither purported in its commencement to be a plea and did not conclude with either

a verification or to the country, and we do not believe that it constitutes a plea in bar under this statute. There was, however, evidence introduced by the plaintiff tending to show that these defendants were copartners and that they transacted business with them as such, and this would warrant the court in refusing defendants' peremptory instruction; we do not believe it was error to refuse this instruction.

It is next insisted that the verdict of the jury is manifestly against the weight of the evidence; that the evidence fails to show that defendants are indebted to the plaintiffs, but rather that the plaintiffs are indebted to the defendants. There was much conflict in the evidence offered in this case. The plaintiffs claim that when they came to this country they commenced to work for the defendants and that they were acquainted with them prior to coming here; that the defendants were engaged in business and that plaintiffs worked and earned money and all that was not needed by them for their necessary expenses was deposited with the defendants; in other words, that they constituted the defendants their bankers, and evidence was introduced tending very strongly to show admissions by the defendants that deposits were made from time to time during the years 1907 and 1908 to the amount of about $643; and that it appears from the book issued by the defendants that on about the 19th of April, 1908, plaintiffs drew from defendants $207, which left a clear total, as the witnesses expressed it, of $436, due from the defendants to the plaintiffs. Plaintiffs admit having received after that $22.

As we understand the evidence in this case, it is not seriously disputed that defendants did at one time owe this amount of money, and that the book had been issued to the plaintiffs, and offered in evidence showing that fact, but it is claimed by the defendants that they purchased foreign drafts for the plaintiffs, at one time for $116.70, at another $78 and another for $195, and that these were paid for out of the money owed by the

defendants. This, however, is denied by the plaintiffs and they say that the money that was used in the purchasing of these drafts was given by them to the defendants for that purpose and was not a part of the money that they had deposited with them. Defendants also claim that they had sold plaintiffs groceries and that plaintiffs were indebted to them for rent, and other matters offered in evidence. This was all denied by the plaintiffs. Plaintiffs claimed that all they owed the defendants was paid from time to time and that the amounts deposited with them had no connection whatever with their running account. Defendants also offered in evidence note claimed to have been executed by Zeso Christo. This, however, is denied by Christo and he says he did not give him a note, but that it was a receipt and that the $22 written in that instrument was not for borrowed money. Plaintiffs deny that they are in any manner indebted to the defendants. Whether the defendants were indebted to the plaintiffs or not was purely a question of fact for the jury to determine. The evidence, so far as we can see, was so contradictory as to warrant the jury in finding either way. The jury saw the witnesses, heard their testimony and had a much better opportunity to determine who was telling the truth about this matter than we have. There is nothing in the testimony that will warrant us in saying that the verdict of the jury was manifestly against the weight of the evidence.

It is said that the court erred in not permitting a written translation of their books to be put in evidence. It appears that the books were offered in evidence, both for the plaintiffs and the defendants, and that they were translated from the witness stand by an interpreter. No special reason has been given or authorities cited why the court erred in this refusal, and we are not able to say that it was error.

A criticism is made of the instruction given on behalf of the plaintiffs advising the jury that, "If the jury believe from the evidence that any witness has

wilfully testified falsely to any material fact in the case, then they may disregard the whole or any portion of the testimony of such witness, except in so far as he may be corroborated by other testimony in the case." on the ground that it should also have provided for corroboration by "facts and circumstances." It is probably true that the instruction would have been more perfect with these words in, but we do not think it was reversible error to give it under the facts in this case.

Complaint is also made of the court's refusal to give an instruction offered by the defendants reciting that the defendants had filed a sworn plea denying the partnership and alleging that this cast the burden upon the plaintiffs and that if the evidence was evenly balanced or preponderates in favor of the defendants they must find the issues for the defendants. We think the court did properly in refusing this instruction; as we have heretofore stated, we do not regard this as a plea or to be classed as such.

After a careful examination of this record we do not find any such errors in the trial of the case that would warrant us in reversing it. And the issue being principally upon a question of fact, which was for the jury to determine, we are not inclined to interfere with its finding upon this issue, and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*